IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENDRICK JOHNSON, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:24-CV-2274-B-BK |
| | § | |
| MARIO FUENTES, | § | |
|     DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for judicial screening, including the entry of findings and a recommended disposition. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I. BACKGROUND**

On September 5, 2024, Plaintiff Kendrick Johnson, a resident of Dallas, Texas, filed a complaint against Mario Fuentes of Garland, Texas. Doc. 3 at 1-2. The complaint is inartfully pled and difficult to decipher. As best the Court can glean, Johnson sues for personal injuries stemming from a traffic accident caused by Fuentes who allegedly was driving drunk. Doc. 3 at 1. In the *Civil Cover Sheet*, Johnson checks the boxes for federal question jurisdiction and torts for the nature of suit code. Doc. 3 at 2. Upon review, the Court concludes that subject matter jurisdiction is lacking. Thus, this action should be dismissed.[1]

---

[1] Because jurisdiction is lacking, the Court need not address the deficiencies in Plaintiff's pleadings and motion to proceed *in forma pauperis* and require compliance with the Court's filing requirements.

## II. ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. See *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject-matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case in which there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008). Further, the plaintiff, as the party asserting subject-matter jurisdiction, bears the burden of establishing that subject matter jurisdiction exists. See *Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

The Court must also liberally construe pleadings filed by *pro se* litigants. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Johnson has not alleged facts that establish federal question or diversity jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane*

*Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted).  Johnson's complaint, however, contains no factual allegations that support federal question jurisdiction.  Johnson alleges at best only a state tort action.

Further, Johnson's scant complaint, including the assertion that Defendant Fuentes is in Texas (and, thus, presumably a citizen of this state), defeats subject-matter jurisdiction based on diversity.  Doc. 3 at 2.  *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (finding district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted).

Finally, because the complaint does not present an adequate basis for federal question jurisdiction and Johnson cannot rely on diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any possible state-law claims that Johnson may be attempting to assert.  28 U.S.C. § 1367(a).

Accordingly, the complaint should be dismissed *sua sponte* and without prejudice for lack of subject matter jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case."  *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009).  As demonstrated *supra*, the facts as alleged in Johnson's complaint show a lack of subject matter jurisdiction in this Court that is not curable by amendment.  Thus, granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For all these reasons, Johnson's complaint should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  See FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on September 24, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).